

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00018-CV

**EARTH MOTORCARS, LLC**,
Appellant

v.

Brian Todd **GLOWKA**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 22-665
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: May 31, 2023

VACATED; APPEAL DISMISSED FOR WANT OF JURISDICTION

This interlocutory appeal from the trial court's temporary-injunction order concerns a vehicle sale between the parties. Appellant Earth Motorcars, LLC sold appellee Brian Todd Glowka a truck. Glowka alleges that Earl Motorcars failed to deliver title. Earth Motorcars asserts that Glowka paid only a deposit, refused to pay the reminder of what was owed, and then refused to return the truck. On December 15, 2022, the trial court issued a temporary injunction, enjoining Earth Motorcars from "harassing and/or threatening [Glowka] in any way," and from "mak[ing], or threaten[ing] to make, a report to policing authorities that the [v]ehicle has been stolen."

Earth Motorcars appealed and, in its brief, argues the evidence demonstrates only "speculative and conjectural harm for which an injunction should never issue." It also asserts that it had reported the truck as stolen to its local police department prior to Glowka filing his motion for a temporary injunction. In addition, Earth Motorcars states that it has no intention of filing another police report. It asks that we dissolve the trial court's injunction and remand for further proceedings where necessary.

Glowka then filed an advisory. He asserts that since the issuance of the temporary injunction, Earth Motorcars has repossessed the truck. He states: "In light of the changed circumstance, [Glowka] would not expect that [Earth Motorcars] would make a false police report in that it has the vehicle back and it was not stolen in the first instance." He states: "Further, because of [Earth Motorcars'] assertions in its brief that any allegations of harassment or threats by it directed to Mr. Glowka were purely 'speculative and conjectural,' it seemingly disavows any such conduct." Accordingly, Glowka asserts the appeal should be dismissed and he "does not oppose the only relief requested by [Earth Motorcars] — 'that the Court DISSOLVE the trial court's temporary injunction and REMAND the matter to the trial court.'" (quoting Earth Motorcars' brief).

On March 24, 2023, we issued an order noting that it appears the appeal is moot and ordering that Earth Motorcars respond stating why this appeal should not be dismissed as moot and the temporary-injunction order vacated. "A case becomes moot if at any stage there ceases to be an actual controversy between the parties. When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (citation omitted); *see also Russell v. Metro. Transit Auth. of Harris Cnty.*, 343 S.W.3d 825, 833 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding there was no actual controversy between the parties because only

appellant suggested a document could be interpreted in a manner adverse to him). "When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, . . . [t]he proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending." *Tex. Foundries v. Int. Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952); *accord State v. City of Austin*, No. 03-20-00619-CV, 2021 WL 1313349, at \*9 (Tex. App.—Austin Apr. 8, 2021, no pet.).

Earth Motorcars responded to our order contesting the suggestion of mootness because, according to Earth Motorcars, it is not "inconceivable" that circumstances may change yet again if Glowka seeks possession of the vehicle from Earth Motorcars, which may require Earth Motorcars to file a police report concerning a stolen vehicle. Further, Earth Motorcars describes Glowka's suggestion of mootness as "dubious" because he previously sought sanctions against Earth Motorcars for contempt of the temporary injunction. Nevertheless, Earth Motorcars states: "Should [Glowka] request the dissolution of the [t]emporary [i]njunction, Earth [Motorcars] would gladly agree the appeal is moot."

According to his advisory, Glowka "does not oppose" dissolution of the temporary injunction. For our mootness analysis, we see no distinction between Glowka's acquiescence to the relief requested by Earth Motorcars and Earth Motorcars' instance that Glowka himself "request" dissolution; Earth Motorcars has not provided us with any authority to draw a distinction. Accordingly, because there is no active controversy between the parties, we must dismiss this appeal as moot. *See* TEX. R. APP. P. 42.3; 43.2(f); *Nat'l Collegiate Athletic Ass'n*, 1 S.W.3d at 86; *Russell*, 343 S.W.3d at 833. The result of dismissing this appeal as moot is that we also vacate the temporary injunction and remand the case to the trial court, as Earth Motorcars requests and as

Glowka does not oppose. *See Tex. Foundries*, 248 S.W.2d at 461; *City of Austin*, 2021 WL 1313349, at *9.

PER CURIAM